**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ALBERTO HERNANDEZ** on behalf of himself and others similarly situated, | ) | |
| Plaintiff, | ) | Case No.: 5:25-cv-574 |
| vs. | ) | **JURY TRIAL DEMANDED** |
| **GRAHAM PERSONNEL SERVICES,** | ) | **CLASS ACTION** |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Alberto Hernandez ("**Plaintiff**"), on behalf of himself and those similarly situated, by and through the Plaintiff's attorneys, and brings the following against Defendant, Graham Personnel Services, ("**Defendant**"), pursuant to the Fair Credit Reporting Act ("**FCRA**").

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action against the Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from a Consumer Reporting Agency named Priority Background Solutions.

3. Defendant paid a fee for the information it obtained concerning the Plaintiff.

4. The information obtained concerning the Plaintiff was a Consumer Report (as the term Consumer Report is defined pursuant to the FCRA).

5. Defendant relied on information in Consumer Reports to make decisions regarding the Plaintiff, and on information and belief, the Defendant relies on similar information from Consumer Reports to make decisions regarding other prospective or current employees, including, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or

termination.

6. Defendant took an adverse action based in whole or in part on the Consumer Report and failed to provide the Plaintiff the report prior to the adverse action.

7. In taking the adverse action, without first providing a copy of the Consumer Report, the Defendant violated section 1681b(b)(3) of the FCRA.

8. Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, and all other relief available pursuant to the FCRA.

## PARTIES

9. Plaintiff is a resident of Raleigh, North Carolina. Plaintiff is a member of the Putative Classes defined below.

10. Defendant Graham Personnel Services is a domestic company doing business in North Carolina and may be served by serving its registered agent, Gary L. Graham Jr., 424 Gallimore Dairy Road, Suite A, Greensboro, North Carolina 27409.

11. On information and belief, the Defendant employs more than 1,000 individuals.

## JURISDICTION AND VENUE

12. This court has jurisdiction over the Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Plaintiff resides in North Carolina, applied to work for the Defendant in North Carolina and his claims arise in substantial part in North Carolina. Defendant regularly conducts business in North Carolina and is subject to personal jurisdiction in this district.

## LEGAL AUTHORITY

14. Section 1681b(b)(1) of the FCRA dictates when a consumer reporting agency may

provide a Consumer Report to an employer for employment purposes as follows:

> (A) the person who obtains such report from the agency certifies to the agency that—
>
> > (i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and
> >
> > (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation; and
>
> (B) the consumer reporting agency provides with the report, or has previously provided, a summary of the consumer's rights under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) [1] of this title.

15. The purpose of the FCRA certification is to have the consumer reporting agency act as a gatekeeper who protects the consumer's personal information and before releasing the personal information to an employer require the employer to certify that the protections the FCRA affords consumers will be afforded to the consumer.

16. Absent the certification from the employer, the consumer reporting agency is legally required to deny access to the consumer's personal information.

17. Section 1681b(b)(2)(A) of the FCRA regulates the conduct of persons who obtain a Consumer Report about employees or prospective employees as follows:

> Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
>
> > (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
> >
> > (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

18. The purpose of the disclosure is to place the consumer on notice that a Consumer Report may be obtained as part of the application process.

19. The purpose of the authorization is to allow the consumer to consent to the lawful use of the consumer's personal information for limited purposes.

20. Section 1681b(b)(3) regulates the conduct of any person who used a Consumer Report to take an adverse action based in whole or in part on the Consumer Report against any employee or prospective employee as follows:

> Except as provided in subparagraph (B), in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—
>
> (i) a copy of the report; and
>
> (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) 1 of this title.

21. The purpose of Section 1681b(b)(3) is to provide an employee or prospective employee a reasonable amount of time to review the Consumer Report, to address any incomplete, inaccurate, or misleading information in the Consumer Report, to allow the target of the Report to notify the employer of the errors or misleading part of the Consumer Report before the adverse action is taken and to discuss the contents of the Consumer Report with the prospective employer.

## **FACTUAL ALLEGATIONS**

22. Plaintiff applied online for employment with the Defendant to work at their Greensboro, North Carolina location in or about March of 2025 through Indeed.com.

23. Plaintiff received an email from the Defendant approximately a day later to set up a zoom interview.

24. Plaintiff received a second zoom interview and following the second interview was

offered a job to work at Cellular Sales, an affiliate of Verizon.

25. Plaintiff received the onboarding paperwork and returned the documents that same day.

26. Plaintiff took and passed a drug test as part of the onboarding process.

27. Plaintiff received a start date to begin work via text.

28. On March 6, 2025, the Plaintiff received a text saying do not report to Cellular Sales your job offer is withdrawn.

29. Plaintiff requested to know why the offer was withdrawn and was told maybe your background.

30. Plaintiff requested a copy of his background check but was denied the information.

31. Plaintiff called the Defendant multiple times over the next few weeks and left messages requesting a copy of the report or the name of the background check company, but his calls were not returned.

32. Finally, on July 2, 2025, the Plaintiff's call was answered by an employee of the Defendant and he received the name of the Consumer Reporting Agency who ran the background check.

33. Plaintiff was called the consumer reporting agency himself and obtained a copy of the Consumer Report.

34. The Consumer Report shows that the report was ordered March 5, 2025, and finished March 6, 2025.

35. The Plaintiff was notified of the adverse action via text on the same day the Consumer Report was completed.

36. Plaintiff was never provided an FCRA Summary of Rights by the Defendant.

37. Defendant's failure to timely provide the Consumer Report prevented the Plaintiff from addressing misleading, incomplete or inaccurate information.

38. Plaintiff was not provided a copy of the Consumer Report prior to the adverse action.

39. Plaintiff was frustrated with the time he spent trying to obtain the Consumer Report and the Defendant's refusal to return his voicemails requesting the name of the Consumer Reporting Agency.

40. Denying the Plaintiff employment because of information in his Consumer Report is an adverse action as defined pursuant to the FCRA, which creates an injury in law.

41. Defendant's actions fundamentally undermined the fairness and transparency the FCRA was designed to protect, and it caused the Plaintiff to suffer both tangible losses—including the loss of a job opportunity—and intangible injuries such as loss of dignity, uncertainty about the future, and frustration over being denied a fair process.

42. Defendant's failure to abide by the FCRA requirements accompanied with the withdrawal of the offer of employment caused the Plaintiff emotional distress, anxiety, reputational harm, and duress.

43. The Defendant's failure to provide the Plaintiff with a copy of the consumer report and a summary of rights under the FCRA prior to taking adverse employment action deprived the Plaintiff of a critical opportunity to understand his rights and review, contest, explain and/or dispute the information being used against him. As a direct result of the Defendant's failure to abide by the FCRA adverse action process, the Plaintiff was left confused and unaware of the basis for the denial of employment, how to challenge the action, or if he could challenge the action. Plaintiff's lack of knowledge regarding his rights created significant emotional distress and

anxiety.

44. On information and belief, the Defendant obtained a Consumer Report concerning the Plaintiff from Priority Background Solutions for employment purposes.

45. On information and belief, Priority Background Solutions required the Defendant to certify pursuant to 15 U.S.C. §1681b(b)(1) before obtaining a Consumer Report that the FCRA protections provided by 15 U.S.C. §1681b(b)(2) and §1681b(b)(3) would be followed by the Defendant.

46. Defendants' actions have denied the Plaintiff the opportunity to review, contest, or explain the contents of the Consumer Report.

47. Plaintiff would not have authorized the Defendant to procure his Consumer Report if he had known that the Defendant would not comply with the mandates of the FCRA.

48. Plaintiff would not have allowed the Defendant access to his personal information if he had known that his personal information would be used in violation of the law.

49. Taking an adverse action based on the Plaintiff's Consumer Report without first providing a copy of the Consumer Report to the Plaintiff, exceeded the limited consent provided by the Plaintiff, and therefore the Defendant violated the FCRA.

50. Defendant exceeded the Plaintiff's limited consent when the information contained in the Consumer Report was used in a manner that violated the law.

51. Plaintiff only allowed access to his Consumer Report for employment purposes.

52. The illegal use of the Plaintiff's personal information is akin to a breach of trust.

53. Defendant had a legal obligation akin to a trustee of the Plaintiff's Consumer Report to act in the best interests of the Plaintiff by allowing him an opportunity to review the personal and private information prior to any adverse action.

54. Defendant breached the Plaintiff's trust by failing to fulfill the company's obligations in a way that violated the terms of the law and the authorization which set standards of conduct expected of the Defendant.

55. Defendant would not have had access to the Plaintiff's private and personal information without obtaining a copy of the report prior to taking any adverse action.

56. The illegal use of the Plaintiff's personal information is an injury in fact.

57. Defendant's actions deprived the Plaintiff of his right to challenge and/or dispute the information in the Consumer Report.

58. Plaintiff lost the opportunity and ability to explain the information in the Consumer Report before the adverse action.

59. On information and belief, the Defendant certified to the Consumer Reporting Agency that the Consumer Report was obtained for employment purposes. Pursuant to the FCRA, Consumer Reporting Agencies may not provide a third-party entity with a Consumer Report without first receiving a 15 U.S.C. §1681b(b)(1) certification.

60. On information and belief, the Defendant certified to Priority Background Solutions that it would not use the Plaintiff's Consumer Report in violation of any applicable federal or state equal employment law or regulation.

61. On information and belief, the Defendant certified to Priority Background Solutions that it would abide by 15 U.S.C. §1681b(b)(3) if that section became applicable.

62. On information and belief, the Defendant contractually agreed to abide by 15 U.S.C. §1681b(b)(3) (i.e., to provide a copy of the report to the applicant prior to taking adverse action) and other notice provisions if allowed access to the Plaintiff's information.

63. Defendant's certification was false because the company did not abide by the

FCRA adverse action requirements.

64. Defendant violated the provisions of 15 U.S.C. §1681b(b)(3) when it failed to provide the Plaintiff with a copy of his Consumer Report before taking adverse action.

65. On information and belief, Priority Background Solutions would not have provided the Defendant access to the Plaintiff's Consumer Report if the Defendant had failed to certify that it would abide by the FCRA adverse action procedures.

66. Defendant's actions deprived the Plaintiff of a meaningful opportunity to invoke the discretion of the decision maker before termination.

67. Defendant violated its statutory and contractual obligations by systematically violating the provisions of the FCRA despite having received the benefits of obtaining regulated information concerning the Plaintiff.

68. Defendant exceeded any authorization provided by the Plaintiff.

69. Any authorization provided by the Plaintiff was akin to a contract in which the Plaintiff allowed the Defendant access to his personal information expecting the Defendant to provide the protections ensured by the FCRA in exchange for the access to the private and personal information.

70. Defendant's procurement of the Plaintiff's Consumer Report violated the good faith and fair dealing required in every contract.

71. Defendant breached the parties' covenant of good faith and fair dealing when it used the Plaintiff's alleged authorization to procure his Consumer Report then failed to provide him with a copy of the Consumer Report.

72. Defendant breached the parties' covenant of good faith and fair dealing when it used the Plaintiff's alleged authorization to procure his Consumer Report then failed to provide

him with an opportunity to review, dispute, explain, and/or address the information in the Consumer Report.

73. Plaintiff did not receive the protections he was entitled to by law and contract because of the Defendant's actions.

74. Defendant is aware of the FCRA because, on information and belief, the Defendant executed a certification with the Consumer Reporting Agency that requires the Defendant to abide by the requirements of the FCRA.

75. Defendant knew that it must comply with the FCRA, but the Defendant failed to comply with such obligations.

76. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA are evidence that the Defendant's violations were reckless.

77. The manner in which the Defendant took adverse action against the Plaintiff is consistent with its policies and procedures.

## CLASS ACTION ALLEGATIONS

78. Plaintiff asserts the following proposed classes:

**ADVERSE ACTION CLASS:** All natural persons residing within the United States and its Territories who were the subject of a consumer report used by the Defendant for employment purposes within the previous five (5) years before the Plaintiff filed this Complaint through the conclusion of this matter, and suffered an adverse employment action by the Defendant, but were not provided a copy of the report and/or a written summary of their rights under the FCRA before the adverse action notice.

**CERTIFICATION CLASS:** All individuals who were the subject of one or more Consumer Reports in which the Defendant falsely represented that it would comply with 15 U.S.C. §1681b(b)(3) for the period of the previous two years prior to the date of filing, through the conclusion of this matter.

**AUTHORIZATION CLASS:** All individuals who were the subject of one or more Consumer Reports in which the Defendant exceeded the authorization obtained from applicants for the period of the previous two years prior to the date of filing, through the conclusion of this matter.

## Numerosity

79. The proposed classes are so numerous that joinder of all members of each class is impracticable. Defendant, who employs more than 1,000 people, regularly obtains and uses information in Consumer Reports to conduct background checks on prospective employees and existing employees. Defendants regularly obtain Consumer Reports via false certifications and relies on the information therein, in whole or in part, as a basis for adverse employment action. Given the nature of the Defendant's business, the Plaintiff believes that during the relevant time period, at least 50 individuals would fall within the definition of each class.

## Common Questions of Law and Fact

80. Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual members of each class. Among the questions of law and facts common to each class are:

a. Whether the Defendant uses the information in an individual's Consumer Report to take adverse actions;

b. Whether the Defendant violated the FCRA by taking adverse action against the Plaintiff and other Putative Class Members on the basis of information in a Consumer Report without first providing a copy of the report;

c. Whether the Defendant obtained Consumer Report via a false 15 U.S.C. §1681b(b)(1) certification;

d. Whether the Defendant's actions exceeded the scope of the authorization;

e. Whether the Defendant's actions were reckless; and

f. The proper measure of damages.

## Typicality

80. Plaintiff's claims are typical of the members of each proposed class. The FCRA

violations suffered by the Plaintiff are typical of those suffered by other members of each class. Defendants typically use Consumer Reports to take adverse action but fails to provide the consumer a copy of the report before taking an adverse employment action based on information contained in said report. Additionally, before being provided with the Consumer Report the Defendant certified that the report would be used for employment purposes and to abide by §1681b(b)(2) and (3). The FCRA violations suffered by the Plaintiff are typical of those suffered by other members of each class and the Defendant treated the Plaintiff consistent with other members of each Putative Class in accordance with its standard policies and practices.

**Adequacy of Representation**

81. Plaintiff, as representative of each class, will fairly and adequately protect the interests of each class and has no interest that conflict with or are antagonistic to the interest of the members of each class. Plaintiff has retained attorneys competent and experienced in FCRA class action litigation. No conflict exists between the Plaintiff and members of each class.

**Superiority**

82. A class action is superior to any other available method for the fair and efficient adjudication of this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

83. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because prosecution of actions by or against individual members of each Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for the Defendant. Further, adjudication of each individual member of each class's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

84. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because the Defendant has acted or refused to act on grounds that apply generally to each class, so that any final relief is appropriate respecting each class as a whole.

85. Class certification is also appropriate under Rule 23 of the Federal Rules of Civil Procedure because questions of law and fact common to each Putative Class predominate over any questions affecting only individual members of each Putative Class, and because a class action is superior to other methods for the fair and efficient adjudication of this litigation. Defendants' conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of each Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each member of each class's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning the Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all members of each Putative Class's claims in a single forum.

86. Plaintiff intends to send notice to all members of each Putative Class to the extent required by Rule 23 of the Federal Rules of Civil Procedure. The names and address of the potential members of each class are available from the Defendant's records.

## <u>Count I</u>
## Adverse Action

87. Plaintiff incorporates the foregoing paragraphs 9-86 as if fully set forth herein.

88. Defendant obtained a Consumer Report concerning the Plaintiff.

89. Defendant used the Consumer Report to take adverse action against the Plaintiff.

90. Defendant violated the FCRA by failing to provide the Plaintiff with a copy of his report before taking adverse action.

91. Defendant violated the FCRA by failing to provide the Plaintiff with a reasonable time to address the information in his report.

92. Defendant violated the FCRA by failing to provide the Plaintiff with a reasonable time to dispute his report.

93. Had the Defendant complied with the FCRA, the Plaintiff would have been given time to review, explain, dispute and/or otherwise address the information contained in the Consumer Report.

94. Plaintiff would have never permitted the Defendant to obtain a copy of his Consumer Report had he known that the Defendant employed a policy to take adverse action in violation of the FCRA.

95. Plaintiff would have never permitted the Defendant to obtain a copy of his Consumer Report had he known that the Defendant would deny him the opportunity to dispute his Consumer Report before any adverse action.

96. Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

97. Defendant acted in deliberate or reckless disregard of its obligations and the rights of the Plaintiff.

98. Defendant's reckless conduct is reflected by, among other things, the following facts:

a. Defendant has access to legal advice through outside employment counsel;

b. Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA;

c. 15 U.S.C. §1681b(b)(1) required the Defendant to certify that the protections of 15 U.S.C. §1681b(b)(3) would be followed; and

d. Defendant entered a contract in which they contractually agreed to abide by the FCRA's adverse action requirements.

99. Plaintiff is entitled to actual damages of back pay, emotional distress and anxiety, and reputational harm.

100. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

101. Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

102. Plaintiff is further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

## COUNT II
## Authorization Violations

103. Plaintiff incorporates the foregoing paragraphs 9-86 as if fully set forth herein.

104. Defendant obtained a Consumer Report concerning the Plaintiff under false pretenses.

105. Plaintiff would have never permitted the Defendant to obtain a copy of his Consumer Report had he known that the Defendant was obtaining Consumer Reports in violation of the FCRA.

106. Plaintiff would have never permitted the Defendant to obtain a copy of his Consumer Report had he known that the Defendant's alleged disclosures were misleading.

107. Plaintiff would have never permitted the Defendant to obtain a copy of his Consumer Report had he known that the Defendant's alleged authorizations were misleading.

108. Plaintiff would have never authorized the Defendant to obtain a copy of his Consumer Report if had he had known that the Defendant would violate the provisions of the FCRA, was obtaining Consumer Reports in violation of the law, and had a policy, pattern, and practice to take adverse actions in violation of the FCRA.

109. Defendant exceeded the scope of its purported disclosure and authorization and violated the rights of the Plaintiff.

110. Defendant's actions exceeded the scope of the Plaintiff's consent.

111. The foregoing violations were reckless.

112. Defendant acted in deliberate or reckless disregard of its obligations and rights of the Plaintiff under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

a. Defendant has access to legal advice through outside employment counsel;

b. Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

c. 15 U.S.C. §1681b certification, addresses the requirement of obtaining and using a Consumer Report.

113. Plaintiff is entitled to actual damages of back pay, emotional distress and anxiety, and reputational harm.

114. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

115. Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

116. Plaintiff is further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

## Count III
## Certification Violations

117. Plaintiff incorporates the foregoing paragraphs 9-86 as if fully set forth herein.

118. Consumer Reporting Agencies are legally prohibited from providing employment related Consumer Reports without first obtaining the certifications required by 15 U.S.C. §1681b(b)(1).

119. Prior to obtaining an applicant's Consumer Report for employment purposes the Defendant was required to provide to the Consumer Reporting Agency certification of the purpose and that FCRA protections would be abided by per 15 U.S.C. §1681b(b).

120. According to the provisions of 15 U.S.C. §1681b(b)(1), the Defendant cannot obtain an applicant's Consumer Report until they have certified that they have complied with the mandates of 15 U.S.C. §1681b(b)(2).

121. According to the provisions of 15 U.S.C. §1681b(b)(1), the Defendant cannot obtain an applicant's Consumer Report until they have certified that they will comply with the mandates of 15 U.S.C. §1681b(b)(3) if that section becomes applicable.

122. According to the provisions of 15 U.S.C. §1681b(b)(1), the Defendant cannot obtain an applicant's Consumer Report until they have certified that information from the Consumer Report will not be used in violation of any applicable federal or state equal employment opportunity law or regulation.

123. On information and belief, prior to obtaining a Consumer Report concerning the Plaintiff, the Defendant certified that they had complied with 15 U.S.C. §1681b(b)(2) and would comply with 15 U.S.C§1681b(b)(3) if that section became applicable.

124. On information and belief, prior to obtaining a Consumer Report concerning the Plaintiff, the Defendant also certified that information would not be used in violation of any

applicable Federal or State equal opportunity employment law or regulation.

125. Defendant knew that it would not comply with the mandates of 15 U.S.C. §1681b(b)(1) prior to obtaining a copy of the Plaintiff's Consumer Report.

126. Defendant therefore made false certifications to obtain and use Consumer Reports for employment purposes.

127. The provisions of 15 U.S.C. §1681b(b)(1) are intended to protect the privacy rights of the Plaintiff.

128. The provisions of 15 U.S.C. §1681b(b)(1) are intended to protect the Plaintiff's statutory right to review protected information.

129. Plaintiff was injured by the Defendant's practice of obtaining Consumer Reports via false certifications.

130. Absent the Defendant's false certifications, the Defendant would not have gained access to the Plaintiff's Consumer Report, and the Plaintiff would not have been denied employment.

131. Plaintiff would have never permitted the Defendant to obtain a copy of his Consumer Report if he known that the Defendant would violate the provisions of the FCRA, was obtaining Consumer Reports in violation of the law, and had a pattern, policy, and practice of taking adverse action in violation of the FCRA.

132. Moreover, the Plaintiff would have never permitted the Defendant to obtain a copy of his Consumer Report had he known that the Defendant would deny the opportunity to dispute his Consumer Report before any adverse action.

133. Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

134. The foregoing violations were made in reckless disregard of the law.

135. Defendant acted in deliberate or reckless disregard of its obligations and of the Plaintiff's rights.

136. Defendant's reckless conduct is reflected by, among other things, the following:

a. Defendant has access to legal advice through outside employment counsel;

b. Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

c. Defendant made certifications per 15 U.S.C. §1681b(b)(1) that it purposely violated.

137. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

138. Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

139. Plaintiff is further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

a. Holding that this action may proceed as a class action under Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure;

b. Designating Plaintiff as class representative and designating the Plaintiff's counsel as counsel for the Putative Classes;

c. Directing proper notice to be mailed to the Putative Classes at the Defendant's expense;

d. Finding that the Defendant committed multiple, separate violations of the FCRA for each Putative Class Member;

e. Finding that the Defendant acted recklessly in deliberate or reckless disregard of the Plaintiff and the Putative Class Member's rights and its obligations under the

FCRA;

f. Finding the Plaintiff is entitled to actual damages of back pay, emotional distress and anxiety, and reputational harm;

g. Awarding statutory damages and punitive damages as provided by the FCRA;

h. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

i. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims.

Respectfully submitted,

**SIRI & GLIMSTAD LLP**
/s/ *Dana Smith*

Dana Smith North Carolina Bar Number 51015
Jayson Watkins, Esq.
Richard Parks, Esq.
525 North Tryon Street, Suite 1600 Charlotte,
North Carolina 28202
Tel: (980) 533-4616
E: dsmith@sirillp.com
E: jwatkins@sirillp.com
E: rparks@sirillp.com

*Attorneys for Plaintiff and the Proposed Class*